# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:18-CR-00023-GCM-DCK

| | |
|---|---|
| USA, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ROBERT MICHAEL GEORGE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER COMES** before this Court on Defendant Robert Michael George's ("Defendant") Motion *in limine*. (Doc. No. 23). The Government responded to the Motion on December 28, 2018. (Doc. No. 25). Thus, this matter is ripe for disposition.

## I. BACKGROUND

The charges in this case relate to an arrest that occurred in November of 2013. On November 11, 2013, an officer with the Hickory Police Department encountered Chelsea Doolittle, the alleged victim in this case, while on patrol. The officer believed that Ms. Doolittle may have been intoxicated and asked for backup from an officer who had a portable breathalyzer device. Defendant, who was also an officer for the Hickory Police Department, responded to that call for assistance.

Ms. Doolittle refused to take the breathalyzer test. Based on that refusal and Ms. Doolittle's argumentative behavior, the original Hickory police officer placed Ms. Doolittle under arrest for disorderly conduct and resisting a police officer. Defendant transported Ms. Doolittle, who was in handcuffs, from the scene of the arrest to the police station for processing. Upon arriving at the station, Defendant attempted to remove Ms. Doolittle from the car. During the course of removing

1

her, Ms. Doolittle fell onto the pavement face first causing bodily injury in the form of cuts, a broken nose, and dental injuries. The interaction between Defendant and Ms. Doolittle was caught on surveillance footage.

After picking Ms. Doolittle up from the ground, Defendant took her inside the station, still in handcuffs, and placed her in a holding cell. Defendant eventually returned to place a spit hood over Ms. Doolittle's head until paramedics arrived. Another video shows this interaction. In addition to these two videos, medical records, pictures, and oral testimony exist as to the extent of injuries suffered by Ms. Doolittle during the course of being detained by Defendant. This evidence is the subject of the present Motion *in limine*.

## II. DISCUSSION

Defendant moved this Court *in limine* to exclude all evidence of Ms. Doolittle's injuries under Federal Rules of Evidence 401, 402, and 403. Defendant is prepared to stipulate that Ms. Doolittle suffered bodily injury. According to Defendant, this stipulation makes any evidence of Ms. Doolittle's injuries or the extent of those injuries irrelevant. The Court disagrees.

### a. Rule 401

Rule 401, which provides the threshold test for relevance, states that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Defendant argues that his stipulation of bodily injury makes any evidence on that fact irrelevant under Rule 401.

The Government is the master of its case in chief. The "standard rule [is] that the prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, that a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case

as the Government chooses to present it." *Old Chief v. United States*, 519 U.S. 172, 186-87 (1997).[1] Here, the Defendant is attempting to do just that- prevent the Government from presenting its full case by stipulating to certain facts. Because the Court finds that the evidence of bodily injury is directly related to several of the required elements in this case and because the Defendant cannot defeat this fact via stipulation, the Court finds the evidence as described in the briefs relevant under Rule 401.

   b. **Rule 403**

Rule 403 states, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidence is unfairly prejudicial and should be excluded when, "there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and . . . this risk is disproportionate to the probative value of the offered evidence." *United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006) (quoting *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996)).

Defendant argues that even if the evidence of bodily injury described above is relevant, any probative value it may have is substantially outweighed by unfair prejudice. Accordingly, Defendant argues that the evidence should be excluded under Rule 403. While the Court has not had the opportunity to view the videos in question, the videos as described in the briefs contain highly probative evidence. The Government is required to prove bodily injury. The videos, pictures, and medical records show the bodily injury occurring and depict the results of that

---

[1] The Supreme Court and Fourth Circuit have created an exception to this general rule. The exception is limited to proof of facts that are far removed from the underlying claim. *U.S. v. Dunford*, 148 F.3d 385 (4th Cir. 1998). Here, proof of bodily injury is directly connected to the crime charged both temporally and factually. Thus, the narrow exception to the general rule does not apply.

3

bodily injury. As such, the probative value is very high. The Court finds the evidence is not unfairly prejudicial. The evidence will not cause a reasonable jury to act irrationally; rather, the evidence as described will provide a reasonable jury the proper evidentiary basis to adjudge the facts according to their duty. As such, the Court finds the evidence as described appropriate under Rule 403.

### III. CONCLUSION

For the reasons stated above, Defendant's Motion *in limine* is **DENIED**.

**SO ORDERED**.

Signed: January 2, 2019

Graham C. Mullen
United States District Judge