# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:18-CR-00023-KDB-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| v. | ) **ORDER**<br>) |
| ROBERT MICHAEL GEORGE, | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on Defendant's Motion to Seal Letters of Support (Doc. No. 79) ("Motion"). In accordance with the Local Rule 49.1.1, the Court has considered the Motion, the public's interest in access to the materials in question, and alternatives to sealing. For the reasons stated below, the Court will **DENY** Defendant's Motion to Seal.

## I. LEGAL STANDARD

In general, the public has a right of access to judicial proceedings that stems from two sources: the common law and the First Amendment. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *see also Press–Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501, 508–09 (1984) (discussing the importance of an open trial as a means of both ensuring and giving the appearance of fairness in the judicial process). Accordingly, Local Rule of Criminal Procedure 49.1.1 embodies a presumption of openness and requires that a motion to seal contain information that will allow the Court to enter findings "specific enough that a reviewing court can determine whether the sealing is consistent with the First Amendment or the common law right to public access." LCrR 49.1.1(a); *see* LCvR 6.1.

Whether arising under the First Amendment or the common law, the public's right to access judicial proceedings "may be abrogated only in unusual circumstances." *Co. Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014). Under the First Amendment standard, a "denial of access" to publicly filed documents "must be necessitated by a compelling . . . interest and narrowly tailored to serve that interest." *Rushford*, 846 F.2d at 253. This high standard is required because public access "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of fairness." *Co. Doe v. Pub. Citizen*, 749 F.3d at 266 (citing *Littlejohn v. Bic Corp.*, 851 F.2d 673, 682 (3d Cir. 1988)). Judges are not accountable to the public like elected officials, thus "[a]ny step that withdraws an element of the judicial process from public view makes the ensuing decision look more like a fiat and requires rigorous justification." *Id* (citing *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006)).

## II. DISCUSSION

Defendant asks to file his Letters of Support under seal because this "case has received high public/media attention …[and] to preserve [his] privacy and safety." (Doc. No. 79). However, the Court finds that sealing the Letters of Support is inconsistent with the First Amendment and the common law right to public access. While the Defendant states that his "privacy and safety" are at risk, he does so only in a conclusory manner and does not specifically explain how public access to the Letters of Support would cause him any harm. Hence, he has failed to provide the specific information required by Local Rule 49.1.1 to aid the Court in determining whether sealing is consistent with the First Amendment or common law. Nor has he presented to the Court any authority for his request. Indeed, the mere presence of media scrutiny without more particularized proof of a compelling privacy interest is insufficient to support the sealing of court filings over the

requirements of the First Amendment. *See Reetz v. Lowe's Cos.*, No. 5:18-CV-00075-KDB-DCK, 2021 U.S. Dist. LEXIS 143418, at *5 (W.D.N.C. Aug. 2, 2021). Thus, the Court will deny the Motion and only consider Letters of Support contained in the public record.

      **IT IS THERFORE ORDERED** that Defendant's Motion to Seal Letters of Support, (Doc. No. 79), is **DENIED.**

Signed: February 15, 2022

Kenneth D. Bell
United States District Judge